UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VICTORIA KEY and LESTER B. KEY,

    Plaintiffs,

v.                                    Case No. 5:25-cv-241-JA-PRL

CIRCLE K STORES, INC.,

    Defendant.

## ORDER

This case is before the Court on review of the Notice of Removal (Doc. 1) filed by Defendant.

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

In the Notice of Removal (Doc. 1), Defendant bases subject-matter jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. But Defendant has not sufficiently pleaded diversity of citizenship.

Although Defendant has properly identified its own citizenship, it has not properly identified Plaintiffs' citizenship. Defendant—a citizen of Arizona and Texas—asserts diversity based on that fact that "Plaintiffs allege that, at all material times, they are residents of . . . Florida." (Doc. 1 at 2). However, it is "domicile"—not merely "residence"—that determines an individual's citizenship for diversity purposes. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (per curiam). Defendant's allegations of "residence" are not sufficient to establish Plaintiffs' citizenship.

Accordingly, it is **ORDERED** that **no later than April 30, 2025,** Defendant shall file an amended notice of removal that establishes Plaintiffs' citizenship.

**DONE** and **ORDERED** on April 23, 2025.

                                        JOHN ANTOON II
                                        United States District Judge

Copies furnished to:
Counsel of Record